UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THYSSENKRUPP MATERIALS TRADING NA, LLC | CIVIL ACTION |
| *Plaintiff* | NO. |
| | SECTION "   " |
| versus | |
| VARNA TRUCKING, INC., AVONDALE TERMINAL SERVICES, LLC, AND PLS LOGISTICS SERVICES, LLC | MAG. (   ) |
| *Defendants* | |

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of Thyssenkrupp Materials Trading NA, LLC against Varna Trucking, Inc., Avondale Terminal Services, LLC, and PLS Logistics Services, LLC in a cause of cargo loss and/or damage, alleges upon information and belief, as follows:

1.

Jurisdiction is predicated upon 49 U.S.C.A. §§ 13101, *et seq*., the Carmack Amendment, 49 U.S.C.A. §§ 14706, *et seq*. and 28 U.S.C.A. § 1331 as this action arises under the laws of the United States and has Supplemental Jurisdiction pursuant to 28 U.S.C.A. § 1367. Jurisdiction is also conferred upon this Court pursuant to 28 U.S.C. §1332 as there is complete diversity between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

2.

At all times pertinent hereto, plaintiff Thyssenkrupp Materials Trading NA, LLC (hereinafter "Thyssenkrupp") was and now is a limited liability company duly organized, created and existing pursuant to the laws of Michigan with its principal office located in Southfield,

Michigan, and at all times pertinent, was the owner of the Cargo described hereinbelow.  No members of Thyssenkrupp are residents of Louisiana, Delaware, Virginia or Pennsylvania.

3.

At all times pertinent hereto, Varna Trucking, Inc. (hereinafter "Varna") was and still is a foreign corporation duly organized, created and existing pursuant to the laws of California with its principal place of business in Fontana, California, and at all times pertinent, provided interstate motor freight carriage and transportation, including services to Thyssenkrupp concerning the Cargo described herein.

4.

At all times pertinent hereto, Avondale Terminal Services, LLC (hereinafter "Avondale") was and still is a Delaware limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business in Avondale, Louisiana and at all times pertinent hereto, Avondale owned, leased, managed, and/or operated a terminal and warehouse storage facility located in Avondale (Jefferson Parish), Louisiana.  Upon information and belief, Avondale's sole member is domiciled in Norfolk, Virginia.

5.

At all times pertinent hereto, PLS Logistics Services, LLC (hereinafter "PLS") was and still is a Delaware limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business in Cranberry Township, Pennsylvania, and at all times pertinent, provided interstate freight carriage, transportation, brokering and/or forwarding services to Thyssenkrupp concerning the Cargo described hereinbelow.  Upon information and belief, PLS members are domiciled in Pennsylvania.

6.

On or about August 4, 2025, Thyssenkrupp was the owner of a cargo of Grade A Tin Ingots (hereinafter the "Cargo") which Thyssenkrupp intended to sell and deliver to PMC Organometallix, Inc. (hereinafter "PMC") in Axis, Alabama.

7.

Prior to the cargo damage and loss in question, the subject cargo of Grade A Tin Ingots was delivered to Avondale Terminal's facility for receipt, warehousing, storage, and delivery to an approved interstate motor carrier in good order and condition and quantity for safe delivery to Thyssenkrupp's customer in Axis, Alabama. Avondale Terminal issued a Booking Confirmation dated July 30, 2025 with information and pickup numbers for the Cargo.

8.

Thyssenkrupp engaged PLS to handle the transportation of the Cargo. In doing so, Thyssenkrupp provided PLS with a unique security/reference code and/or other shipping instructions pertaining to the Cargo. The unique security/reference code and shipping instructions were to be presented at the Avondale Terminal facility in Avondale, Louisiana at the pickup time for the Cargo to be released from the warehouse.

9.

Upon information and belief, PLS sub-contracted out the transportation and/or brokered the transportation of the Cargo to a third-party trucking company, Varna Trucking, Inc., to pick-up the Cargo at the Avondale Terminal facility in Avondale, Louisiana, and transport and deliver the Cargo to PMC in Axis, Alabama. However, the Cargo was never delivered to PMC in Axis, Alabama.

-3-

10.

On or about August 4, 2025, a truck driver operating a commercial freight tractor and trailer arrived at Avondale Terminal's facility.

## FIRST CAUSE OF ACTION

11.

Plaintiff reiterates and re-alleges Paragraph 1 through 10 as if fully set forth herein.

12.

Varna was engaged to transport the Cargo from Avondale to Axis in a safe manner, using an authorized truck and truck driver, and to deliver the Cargo in the same quantity as when picked up.

13.

Varna picked up the Cargo at Avondale's facility on August 4, 2025 but failed to deliver the Cargo to PMC in Axis in the same good order and condition and quantity as when picked up in Avondale.

14.

Instead, Varna failed to deliver the Cargo to Axis and mis-delivered the Cargo to another warehouse in Indianapolis, Indiana where the Cargo was crossdocked and then mis-delivered to a warehouse in California, all in violation of the Carmack Amendment, 49 U.S.C.A. §§ 14706, *et seq*. and/or other governing schemes of law.  Despite diligent efforts, the Cargo was never found, resulting in a complete loss of the Cargo.

## SECOND CAUSE OF ACTION

15.

Plaintiff reiterates and re-alleges Paragraph 1 through 14 as if fully set forth herein.

-4-

16.

As a result of Avondale's negligence, gross negligence, and/or breach of contract, and upon information and belief, the Cargo was released by Avondale to an unauthorized truck driver who failed to deliver the Cargo to the designated destination in Axis, Alabama.

17.

Upon information and belief, Avondale failed to properly verify the identity of the motor carrier, failed to exercise due diligence in releasing the Cargo to an unauthorized truck driver, failed to properly confirm and document the release of the Cargo to the unauthorized truck driver, and committed other actions and omissions which will be shown at trial.

**THIRD CAUSE OF ACTION**

18.

Plaintiff reiterates and re-alleges Paragraphs 1 through 17 as if fully set forth herein.

19.

As a result of PLS' mishandling, misdirecting and/or some other malfeasance of the shipping instructions and/or its negligence in hiring, retention and/or entrustment in the selection of motor carriers with respect to the transportation of the Cargo, a fraudulent and unauthorized "trucking company" obtained the shipping instructions pertaining to the Cargo from PLS and picked up the Cargo from the Avondale Terminal facility in Avondale.  The fraudulent and unauthorized "trucking company" then absconded with and stole the Cargo.

20.

The afore-described theft of the Cargo was not caused by any act or omission on the part of the Plaintiff but rather, was caused by the breach of contract, negligence, gross negligence, want of due care and/or fault of PLS, in the following non-exclusive respects:

-5-

a)    breaching its duties and/or obligations as a motor carrier, freight broker and/or freight forwarder;

b)    failing to properly store and/or safeguard the unique security/reference code and other shipping instructions pertaining to the Cargo;

c)    failing to exercise due diligence in selecting and confirming the truck driver used to pick up and transport the Cargo;

d)    failing to provide proper and adequate computer, cyber and/or internet security to safeguard the unique security/reference code and other shipping instructions pertaining to the Cargo;

e)    failing to provide proper and adequate computer, cyber and/or internet security to avoid the unauthorized release of the unique security/reference code and other shipping instructions pertaining to the Cargo;

f)    failing to provide proper and adequate computer, cyber and/or internet security to avoid the theft of the Cargo;

g)    failing to consider and/or avoid known risks or threats to protect the unique security/reference code and other shipping instructions pertaining to the Cargo;

h)    failing to properly secure and protect the unique security/reference code and other shipping instructions pertaining to the Cargo from a known, foreseeable and growing risk in the industry;

i)    breaching the standard of care concerning the subject Cargo in interstate commerce; and

j)    any other acts of breach of contract, negligence, gross negligence, want of due care and/or fault which will be shown at the trial of this matter.

## AS TO ALL CAUSES OF ACTION

21.

As a result of the foregoing, defendants are liable to plaintiff under the Carmack Amendment and/or other schemes of federal and/or state law including, but not limited to, at common law. Plaintiff has sustained a loss in the sum of $697,534.91, plus surveying fees and expenses, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded. Plaintiff reserves the right to amend and supplement its loss estimation as discovery and further investigation proceed.

22.

This action is brought on behalf of Plaintiff and on behalf of all parties who may become interested in the aforesaid loss of Cargo as their respective interests may ultimately appear.

23.

All and singular the matters aforesaid are true and correct.

WHEREFORE, Thyssenkrupp Materials Trading NA, LLC prays:

1. That defendants, Varna Trucking, Inc., Avondale Terminal Services, LLC, and PLS Logistics Services, LLC, be served with a copy of this Complaint, together with a summons to appear and answer under oath all and singular the matters aforesaid;

2. After due proceedings are had that there be Judgment in Thyssenkrupp Materials Trading NA, LLC's favor and against the defendants Varna Trucking, Inc., Avondale Terminal Services, LLC and PLS Logistics Services, LLC, and that the Court order, adjudge and decree that the

Defendants pay to Plaintiff the losses sustained, together with interest thereon and their costs and disbursements; and

3.    That Plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Respectfully submitted,

BROOKS GELPI HAASÉ, L.L.C.

*/s/ Philip S. Brooks, Jr.*

_____

PHILIP S. BROOKS, JR (#21501)
RONALD J. KITTO (#28638)
909 Poydras Street, Suite 2325
New Orleans, LA 70112
Telephone:    (504) 224-6723
Facsimile:    (504) 534-3170
E-mail:    pbrooks@brooksgelpi.com
          rkitto@brooksgelpi.com

*Attorneys for Thyssenkrupp Materials*
*Trading NA, LLC*

**SERVICE:**

Avondale Terminal Services, LLC
Through its registered agent for service
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

PLS Logistics Services, LLC
Through its registered agent for service
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Varna Trucking, Inc.
Through its registered agent for service
Vess Vassilev
9564 Cordero Avenue
Tujunga, CA 91042

-8-