UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THYSSENKRUPP MATERIALS                          CIVIL ACTION
TRADING NA, LLC

VERSUS                                          NO: 26-948

VARNA TRUCKING, INC., ET AL.                    SECTION: "A" (2)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 19)** filed

by defendant Pittsburgh Logistics Systems, Inc. ("PLS"). The plaintiff, Thyssenkrupp

Materials Trading NA, LLC ("Thyssenkrupp"), opposes the motion. The motion, noticed

for submission on August 5, 2026, is before the Court on the briefs without oral

argument.

### I.      Background

Thyssenkrupp filed the instant complaint against Varna Trucking, Inc. ("Varna"),

Avondale Terminal Services, LLC ("Avondale"), and PLS, the movant herein, alleging

loss and or damage to a valuable cargo of Grade A Tin Ingots (hereinafter "the Cargo").

The legal theories that Thyssenkrupp relies upon are the Carmack Amendment, 49

U.S.C. § 14706, and any other applicable state laws such as negligence.

On or about August 4, 2025, Thyssenkrupp was the owner of the Cargo which it

intended to sell and deliver to PMC Organometallix, Inc. ("PMC"), located in Axis,

Alabama. (Rec. Doc. 1, Complaint ¶ 6). According to Thyssenkrupp, the Cargo was

delivered to Avondale's facility in good order and condition and quantity for safe delivery

to PMC in Axis, Alabama. Avondale issued a booking confirmation with information and pickup numbers for the Cargo. (*Id.* ¶ 7).

Thyssenkrupp engaged PLS to handle the transportation of the Cargo to Axis, Alabama. In doing so, Thyssenkrupp provided PLS with a unique security/reference code and/or other shipping instructions pertaining to the Cargo. The unique security/reference code and shipping instructions were to be presented at the Avondale facility at the pickup time for the Cargo to be released from the warehouse. (Complaint ¶ 8). Thyssenkrupp believes that PLS sub-contracted out the transportation and/or brokered the transportation of the Cargo to Varna Trucking, Inc., a third-party trucking company. (*Id.* ¶ 9).

According to Thyssenkrupp, on August 4, 2025, a truck driver operating a commercial freight tractor and trailer arrived at Avondale. (*Id.* ¶ 10). It is unclear from the Complaint whether this driver was authorized to take the Cargo on behalf of Varna but simply lost the Cargo or absconded with it, or whether Avondale released the Cargo to an unauthorized fraudulent trucking company that then absconded with it. Either way, the Cargo did not arrive in Axis, Alabama and it was never found after it left Avondale resulting in a complete loss of the Cargo. The fault in the matter that Thyssenkrupp ascribes to PLS is that it either mishandled the shipping instructions thereby allowing the fraudulent and unauthorized trucking company to take possession of the Cargo at Avondale, or it was negligent in selecting a motor carrier for the job that either stole the cargo or negligently lost it. (*Id.* ¶ 19).

It is clear from the pleadings that at this juncture and without the benefit of discovery Thyssenkrupp does not know exactly which of the defendants, or perhaps

which combination of the defendants, is at fault for the loss.[1]

PLS now moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). First PLS argues that as a broker (as opposed to a carrier) its conduct is not covered by the Carmack Amendment. Second, PLS argues that Thyssenkrupp's state law negligence claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1).

The parties' contentions are addressed below.

## II.    Discussion

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all

---

[1] And of course, if the Cargo was not lost through negligence but rather was intentionally stolen by someone who had obtained the Cargo from Avondale by using the unique security/reference code, the possibility cannot be ruled out that someone from Thyssenkrupp was involved, in other words "an inside job."

factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). Its broad reach effects the complete preemption of all state law claims resulting in a uniform national remedy against carriers for breach of the contract of carriage. *Id.* at 777-78.

PLS essentially contends that it can be held liable under no legal theory, even if discovery reveals that someone from its organization played a role in divulging the security/reference code to whomever took the Cargo. The Court simply cannot adopt that position. The Court agrees with Thyssenkrupp's contention that PLS's motion is premature given that no discovery has been conducted. Discovery is expected to reveal a clearer picture about which parties engaged in which roles vis à vis the Cargo and which party is at fault for its loss.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 19)** filed by defendant

Pittsburgh Logistics Systems, Inc. is **DENIED as premature**.

August 12, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE